FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|  |  |  |
|---|---|---|
| ESSO VIRGIN ISLANDS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2004-175 |
| v. | ) | |
| | ) | |
| GOVERNMENT OF THE UNITED | ) | |
| STATES VIRGIN ISLANDS BY AND | ) | |
| THROUGH THE VIRGIN ISLANDS | ) | |
| DEPARTMENT OF LICENSING AND | ) | |
| CONSUMER AFFAIRS AND ANDREW | ) | |
| RUTNICK, IN HIS OFFICIAL | ) | |
| CAPACITY AS COMMISSIONER OF | ) | |
| THE VIRGIN ISLANDS DEPARTMENT | ) | |
| OF LICENSING AND CONSUMER | ) | |
| AFFAIRS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ATTORNEYS:

Adriane J. Dudley, Esq.
G. Alan Teague, Esq.
St. Thomas, U.S.V.I.
     *For the plaintiff.*

Carol Thomas-Jacobs, Esq.
St. Thomas, U.S.V.I.
     *For the defendants.*


<u>MEMORANDUM OPINION</u>


GÓMEZ, C.J.

     Before the Court is the motion of the defendants, Government

of the United States Virgin Islands by and through the Virgin

Islands Department of Licensing and Consumer Affairs and Andrew

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 2

Rutnick, in his official capacity as Commissioner of the Virgin
Islands Department of Licensing and Consumer Affairs
(collectively referred to as the "Defendants"), to dismiss the
complaint of the plaintiff, Esso Virgin Islands, Inc. ("Esso").

### I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

In June, 2004, the Virgin Islands Department of Licensing
and Consumer Affairs (the "DLCA") completed a study of the Virgin
Islands fuel market.  Based on that study, on December 15, 2004,
the DLCA issued an order (the "2004 Order") that limited the
gross profit margin of Virgin Islands gasoline and diesel fuel
wholesalers to no more than thirty cents per gallon on the sale
of their fuel products.

Thereafter, Esso, a gasoline and diesel fuel wholesaler in
the Virgin Islands, commenced this six-count action.  In Count I,
Esso seeks a declaration from this Court that the 2004 Order is
invalid on several grounds.  In Count II, Esso alleges that
Andrew Rutnick, in his official capacity as Commissioner of the
Virgin Islands DLCA ("the Commissioner"), violated 42 U.S.C. §
1983 by taking Esso's private property.  In Count III, Esso
alleges that the Commissioner exceeded his statutory authority
under Virgin Islands law by failing to promulgate rules and
regulations as required by the Virgin Islands Code.  Count IV
asserts that the Commissioner violated 42 U.S.C. § 1983 by

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 3

depriving Esso of due process.  Count V asserts that the DLCA deprived Esso of its equal protection rights in violation of 42 U.S.C. § 1983.  Finally, in Count VI, Esso seeks an injunction to prevent the Defendants from implementing the 2004 Order.

On March 17, 2005, the DLCA rescinded the 2004 Order.

The Defendants now seek to dismiss Esso's complaint, primarily on grounds of mootness.[1]  Esso has filed an opposition.

## II. <u>DISCUSSION</u>

A mootness analysis "traditionally begins with 'the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Intn'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 914 (3d Cir. 1987) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).  The existence of a case or controversy requires "'(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.'" *Id.* at 915 (quoting *Dow Chem. Co. v. EPA*,

---

[1]  The Defendants' motion was filed in March, 2005.  The Court scheduled the trial of this matter for June 1, 2005.  In May, 2005, the Court continued the trial date and took the motion to dismiss under advisement pending the parties' repeated mediation efforts.  Those efforts have been unsuccessful.

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 4

605 F.2d 673, 678 (3d Cir. 1979)).  "The central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *In re Surrick*, 338 F.3d 224, 230 (3d Cir. 2003).

"Moreover, it does not matter when the case becomes moot." The requirement that a case or controversy be 'actual [and] ongoing' extends throughout all stages of federal judicial proceedings, including appellate review." *Rendell v. Rumsfeld*, 484 F.3d 236, 240-41 (3d Cir. 2007) (quoting *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001)).  "Hence, if a case becomes moot after the [trial court] enters judgment, an appellate court no longer has jurisdiction to review the matter on appeal." *Id.* at 241 (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)).

The defendant bears a "heavy burden" to establish mootness. *Thompson v. United States Dep't of Labor*, 813 F.2d 48, 51 (3d Cir. 1987) (quoting *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 72 (1983)).

### III. <u>ANALYSIS</u>

Each of the Defendants' several arguments in support of their motion to dismiss will be addressed in turn.

### A.   Mootness

The Defendants first assert that Esso's complaint must be

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 5

dismissed on grounds of mootness because the 2004 Order has been
rescinded.  In opposition, Esso maintains that its claims are
either not moot or capable of repetition.

On March 17, 2005, the DLCA rescinded the 2004 Order.
As a consequence, Esso's challenge of that order, as a practical
matter, is moot. *See*, *e.g.*, *Utah Shared Access Alliance v.
Carpenter*, 463 F.3d 1125, 1134-35 (10th Cir. 2006) (finding a
lawsuit relating to Bureau of Land Management orders moot where
those orders had been superseded by subsequent orders), *cert.
denied*, 127 S. Ct. 2100 (2007); *Greenpeace Action v. Franklin*, 14
F.3d 1324, 1329 (9th Cir. 1992) (noting that the court could not
technically grant the appellant "effective relief on its claim
that" a rescinded administrative order had been unlawfully
approved); *Halvonik v. Reagan*, 457 F.2d 311, 313-14 (9th Cir.
1972) (finding a lawsuit challenging loitering and assembly
regulations moot after the regulations were rescinded).  However,
even if rescission of the 2004 Order weighs in favor of the
Defendants' mootness argument, Esso's claims may still be heard
in this Court.

Under the "capable of repetition" exception, "a court may
exercise its jurisdiction and consider the merits of a case that
would otherwise be deemed moot when '(1) the challenged action
is, in its duration, too short to be fully litigated prior to
cessation or expiration, and (2) there is a reasonable

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 6

expectation that the same complaining party will be subject to the same action again.'" *Rendell*, 484 F.3d at 241 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). "The exception from the mootness doctrine for cases that are technically moot but 'capable of repetition, yet evading review' is narrow and available 'only in exceptional situations.'" *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Weinstein v. Bradford*, 423 U.S. 147, 148-49 (1975)).

With respect to the first prong of the capable of repetition exception, the Court must determine whether the life span of the 2004 Order was too short to be fully litigated before it was rescinded.

In *Greenpeace Action v. Franklin*, the plaintiffs brought suit to challenge the Pacific Fishery Management Council's (the "PFMC") total allowable catch ("TAC") regulation for the 1991 fishing season. The PFMC argued that the plaintiffs' claims were moot because the 1991 fishing season had ended, the 1991 TAC had expired, and a new TAC was in effect. *Id.* at 1329. The Court of Appeals for the Ninth Circuit disagreed, reasoning that the PFMC's actions came within the capable of repetition exception. The court found, *inter alia*, that the challenged regulation was in effect for less than one year, making it difficult to obtain effective judicial review. *Id.* at 3129-30.

Similarly, the 2004 Order was in effect for only three

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 7

months.  That period of time is simply insufficient for Esso to obtain effective judicial review, including appellate review. *See*, *e.g.*, *Alaska Fish & Wildlife Fed'n v. Dunkle*, 829 F.2d 933, 939 (9th Cir. 1987), *cert. denied*, 485 U.S. 988 (1988) (holding that a lawsuit was not moot where the "regulation challenged was in effect for less than one year, making it difficult to obtain effective judicial review"); *Maryland People's Counsel v. Federal Energy Regulatory Com.*, 761 F.2d 768, 773 (D.C. Cir. 1985) (finding that the first prong of the exception was met where the regulatory orders the plaintiff challenged "remained in force for slightly less than one year, not enough time to allow their validity to be fully litigated"); *Or. Natural Desert Ass'n v. Lohn*, 485 F. Supp. 2d 1190, 1197 (D. Or. 2007) (finding the exception applicable where the defendant regulatory agency's 2006 opinions "were in effect for less than one year, making it nearly impossible to obtain effective judicial review").  Accordingly, the first prong of the capable of repetition exception is satisfied.

The Court must next inquire whether the challenged action is susceptible of being repeated.  The Supreme Court has defined this prong as requiring "a '*reasonable expectation*' or a *demonstrated probability* that the same controversy will occur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam) (citation omitted) (emphasis

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 8

supplied).  The Court has further explained that it has "never

held that a mere physical or theoretical possibility was

sufficient to satisfy the [capable of repetition] test. . . . If

this were true, virtually any matter of short duration would be

reviewable." *Id.*

    Courts have recognized that "the mere amendment or repeal of

a challenged ordinance does not automatically moot a challenge to

that ordinance." *Am. Legion Post 7 of Durham v. City of Durham*,

239 F.3d 601, 605 (4th Cir. 2001) (citing *City of Mesquite v.*

*Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)); *see also*

*Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77,

92 (2d Cir. 2005) (stating that the "'repeal of a challenged

provision [of law] that obviates the plaintiff's claims' will be

held to 'moot a litigation, absent evidence that the defendant

intends to reinstate the challenged statute after the litigation

is dismissed, or that the [defendant] does not believe that the

[repeal] renders the case moot'") (quoting *Lamar Adver. of Penn.,*

*LLC v. Town of Orchard Park*, 356 F.3d 365, 377 (2d Cir. 2004)).

Rather, the inquiry must focus on whether the entity that issued

the rule or regulation will reissue it. *City of Durham*, 239 F.3d

at 606.  "The standard for 'determining whether a case has been

mooted by the defendant's voluntary conduct is stringent: A case

might become moot if subsequent events made it absolutely clear

that the allegedly wrongful behavior could not reasonably be

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 9

expected to recur.'" *United States v. Virgin Islands*, 363 F.3d
276, 285 (3d Cir. 2004) (quoting *Friends of the Earth, Inc. v.
Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).
"Moreover, the party alleging mootness bears the 'heavy,' even
'formidable' burden of persuading the court that the challenged
conduct cannot reasonably be expected to resume." *Id.* (quoting
*Friends of the Earth*, 528 U.S. at 189-90).

Here, the Defendants have failed to meet their heavy burden
of demonstrating that there is no reasonable expectation that the
DLCA would issue an order akin to the 2004 Order that would
implicate the same allegations that Esso now raises in its
complaint.  Indeed, in their moving papers the Defendants exert
practically no effort to make such a showing.  That failure may
be explained by the Defendants' erroneous belief that "the
plaintiff bears the burden to prove to the court that relief is
still needed [where the] defendant contends that a case is moot,"
(Defs.' Mot. to Dismiss 7.)  Contrary to the Defendants' belief,
the burden in a mootness analysis is the defendant's, not the
plaintiff's. *See Surrick v. Killion*, 449 F.3d 520, 526 (3d Cir.
2006).

The record does not compensate for the Defendants' silence
on this point.  Indeed, the timing of the rescission of the 2004
Order -- a mere six days before the filing of the Defendants'
motion to dismiss -- "strongly suggests that the []pending

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 10

litigation was the cause of the [rescission]." *See Virgin Islands*, 363 F.3d at 285.  The fact that the Defendants rescinded the order while litigation was pending and, a few days later, filed their motion to dismiss the complaint as moot based on that rescission, "gives no assurance that a similar [order] will not be entered into in the future." *See id.*

Furthermore, Esso states in its opposition that after the March 17, 2005, rescission of the 2004 Order, the Commissioner issued another order on March 18, 2005.  Esso contends that this subsequent order was likewise issued in contravention of Virgin Islands law.[2]  The Defendants do not rebut that contention. *See*, *e.g.*, *Pennsylvania v. Porter*, 659 F.2d 306, 313 (3d Cir. 1981) (en banc) (holding that a case was not moot where the defendant city failed to provide assurances that a policeman charged with misconduct would not be rehired or that the challenged conduct would not be resumed); *cf. Reyes v. City of Lynchburg*, 300 F.3d 449, 453 (4th Cir. 2002) (concluding that an overbreadth claim was moot where the city repealed the challenged ordinance, promised not to reenact a similar one, and there was "no reasonable expectation" that the city would reenact it).

_____

[2] Attached to Esso's motion are exhibits, including affidavits that support Esso's assertion that the DLCA issued an order following the rescission of the 2004 Order.  In ruling on the Defendants' motion to dismiss, the Court has not taken into consideration any matters outside the pleadings.

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 11

In *Dow Chemical Co. v. United States Environmental Protection Agency*, 605 F.2d 673 (3d Cir. 1979), the Court of Appeals for the Third Circuit reasoned that "when a party does not change its 'substantive stance' as to the validity of [a regulation] but merely terminates it for allegedly purely practical reasons (such as avoiding litigation), the termination . . . does not render the case moot." *Virgin Islands*, 363 F.3d at 286 (citing *Dow Chemical Co.*, 605 F.2d at 679).  Here, as in *Dow Chemical*, because the Court finds that the Defendants' voluntary rescission of the 2004 Order does not clearly indicate that the Defendants will not issue a similar order in the future, Esso's claims are not moot.

**B.   Sovereign Immunity**

The Defendants next argue that Esso's complaint should be dismissed because "Esso cannot maintain a suit against the Government of the Virgin Islands for money damages . . . because the Government never waived its sovereign immunity pertaining to these types of claim for damages." (Defs.' Mot. to Dismiss 9.) In its complaint, Esso seeks damages for alleged violations of 42 U.S.C. § 1983 ("section 1983").[3]

_____

[3] 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 12

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)); *see also Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Division*, 411 F.3d 427, 433 (3d. Cir. 2005) (noting that plaintiffs must demonstrate "(1) of what constitutional or federal right [they were] deprived, and (2) how [they were] deprived of that right under color of state law").

A plaintiff may only bring a section 1983 action against those who are "persons" subject to suit for damages under section 1983. *Eddy v. Virgin Islands Water & Power Authority*, 955 F. Supp. 468, 476 (D.V.I. 1997). The Supreme Court has held that "[i]t is evident that Congress did not intend to encompass a Territory among those 'persons' who could be exposed to [section] 1983 liability." *Ngiraingas v. Sanchez*, 495 U.S. 182, 191-92

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 13

(1990) (reasoning that "if Guam is not a person, neither are its officers acting in their official capacity").  "Moreover, state officials acting in their official capacities are not subject to suit under section 1983, since 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.'" *Eddy*, 955 F. Supp. at 476 (quoting *Will v. Michigan Department of State Police*, 491 U.S. 58, 69 n.9 (1989)).  Thus, "officers and employees of a territory such as the Virgin Islands acting in their official capacities may not be made defendants in a section 1983 action." *Id.*

"A suit for damages must be contrasted with a suit for equitable relief.  The Supreme Court has held that a state official sued for injunctive relief is a 'person' under [section] 1983 because an action for prospective relief is not treated as a suit against the state." *Powell v. Ridge*, 189 F.3d 387, 401 (3d Cir. 1999) (citing *Will*, 491 U.S. at 71 n.10); *see also Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990).

Here, Counts II, IV and V of the complaint assert violations of section 1983 against the Government of the Virgin Islands and an official acting in his official capacity as an employee of the Government of the Virgin Islands.  In its complaint, Esso does not specify whether it seeks money damages or injunctive relief

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 14

as a result of the allegations in those particular counts.  To
the extent those counts all allege that the 2004 Order has
resulted in Esso's inability to realize a fair return on its
investment, however, it is clear that in those counts Esso seeks
at least in part monetary compensation for financial losses it
allegedly suffered due to its compliance with the 2004 Order.

Furthermore, in its prayer for relief, while Esso states
that it seeks injunctive relief to prevent the Defendants from
implementing the 2004 Order, Esso also seeks "[a]n award of
damages against defendants . . . to compensate Esso for any and
all property taken from them as a result of the regulatory
actions of the defendants."[4] (Compl. at 12.)

In its opposition to the Defendants' motion to dismiss, Esso
argues that "[s]ection 1983 is completely irrelevant with respect
to Fifth Amendment takings claims." (Pl.'s Mem. of Law in Opp'n
to Defs.' Mot. to Dismiss 7.)  While glossing over the
Defendants' assertion that the Government of the Virgin Islands
is immune from money damages claims under section 1983, Esso

--------

[4]  Esso's opposition to the Defendants' motion to dismiss
bolsters the Court's conclusion that Esso partially seeks money
damages for section 1983 claims.  In that opposition, Esso
attempts to maintain its claims by arguing that "it is clear that
Esso has been deprived of its property, and *is entitled to
damages*. . . . Therefore, . . . Esso is entitled to a trial *for
just compensation* based on the Government's regulatory taking."
(Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss 8)
(emphasis supplied).  Nowhere in its opposition does Esso
specifically attempt to support its claim that injunctive relief
is appropriate.

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 15

asserts that Count II is a Fifth Amendment takings claim.

According to Esso, "the Fifth Amendment is self-executing, and

therefore damages are available for [the Defendants'] violation

independent of [s]ection 1983." (*Id.*)  Liberally construed, Count

II is a Fifth Amendment takings claim, notwithstanding Esso's

reference to section 1983. *See*, *e.g.*, *Budinsky v. Pennsylvania*

*Dep't of Environmental Resources*, 819 F.2d 418, 421 (3d Cir.

1987) ("We must . . . liberally construe the complaint in the

plaintiff's favor.") (citations omitted); *see also Philips Oral*

*Healthcare, Inc. v. Fed. Ins. Co.*, 83 Fed. Appx. 963, 965 (9th

Cir. 2003) (unpublished) (noting that courts "are not bound by

[the complaint's] formal language") (citing *Nordstrom, Inc. v.*

*Chubb & Son, Inc.*, 54 F.3d 1424, 1433 (9th Cir. 1995)).

　　　　In evaluating a takings claim, the Court must first consider

whether Esso has identified a property interest cognizable under

the Fifth Amendment.[5] *See M & J Coal Co. v. United States*, 47

F.3d 1148, 1154 (Fed. Cir. 1995).  If Esso satisfies the

prerequisite of identifying a cognizable property interest, the

Court then considers whether the governmental action in question

_____

　　　　[5]  This Court has held that "[t]he Virgin Islands cannot
constitutionally take private property without fairly
compensating its owner and it is beyond dispute that 'while
property may be regulated to a certain extent, if regulation goes
too far it will be recognized as a taking.'" *Ball v. Virgin*
*Islands Public Services Com.*, Civ. No. 1986-218, 1987 U.S. Dist.
LEXIS 1376, at *5-6 (D.V.I. Feb. 26, 1987) (quoting *Pennsylvania*
*Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922)).

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 16

constitutes a taking of that property interest. *Id.* (internal
citation omitted).

Here, Count II states that the 2004 Order "is confiscatory,
as it does not allow Esso to recover its total operating costs
and realize a fair return on its investment." (Compl. ¶ 40.)  The
property interest Esso identifies thus appears to be operating
costs and returns on investment.

In *Tenoco Oil Co. v. Department of Consumer Affairs*, 876
F.2d 1013 (1st Cir. 1989), an agency of the Puerto Rico
government issued gasoline price regulations.  Gasoline
wholesalers brought suit, alleging, *inter alia*, that the
regulations violated the Fifth Amendment's takings clause.
Although the Court of Appeals for the First Circuit dismissed
that claim for want of jurisdiction[6], the court explained that

> regulated rates must be "just and reasonable" in order
> to be constitutional.  To be just and reasonable, rates
> must provide not only for a company's costs, but also
> for a fair return on investment.  Rates which fall
> below this standard are "confiscatory."

*Id.* at 1020 (citations omitted).  The court further reasoned that

> [a] state regulation that interferes too greatly with
> an owner's economic use of property has come to be
> viewed as a taking that requires the state to furnish
> just compensation.  By the same token, the takings
> clause prevents states (unless they offer other means
> of compensation to sellers) from imposing price
> controls capping prices below just and reasonable
> levels.

---

[6]  Specifically, the *Tenoco* Court found that the claim was
unripe. 876 F.2d at 1028.

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 17

*Id.* at 1020-21 (citations omitted).

Here, Esso has sufficiently alleged that it has a property interest protected by the Fifth Amendment because it alleges that the 2004 Order established excessively onerous price controls that denied it the ability to cover its operating costs. *See*, *e.g.*, *Tenoco Oil Co.*, 876 F.2d at 1020-21.

Esso has also adequately alleged the second element of a takings claims because it states that the 2004 Order's legal imposition of a gross profit margin on its gasoline sales deprived it of its asserted property interest. *See*, *e.g.*, *Asociacion De Subscripcion Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza*, 484 F.3d 1, 32 (1st Cir. 2007). *Cf. Garelick v. Sullivan*, 987 F.2d 913, 916 (2d Cir. 1993) (holding that the plaintiffs did not have a viable takings claim where they were under no legal obligation to comply with price regulations); *Whitney v. Heckler*, 780 F.2d 963, 972 (11th Cir. 1986) (same). Accordingly, the motion will be denied as to Count II's takings claim.[7]

---

[7]    The Defendants argue that the Government of the Virgin Islands can never be subject to a Fifth Amendment claim because of the Eleventh Amendment's sovereign immunity provision.   That argument fails because neither the Third Circuit nor this Court has yet recognized that the Virgin Islands is protected by the Eleventh Amendment. *See United States v. Virgin Islands*, 363 F.3d 276, 286-87 (3d Cir. 2004) (declining to decide whether the Virgin Islands possesses Eleventh Amendment immunity); *Sunken Treasure v. Unidentified, Wrecked, & Abandoned Vessel*, 857 F. Supp. 1129, 1134 n.10 (D.V.I. 1994) (noting that the Virgin

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 18

The Court turns now to Esso's section 1983 claims in Counts IV and V.  Insofar as those counts assert claims against the Government of the Virgin Islands, the Court notes that states and agencies of the states are not persons for the purposes of section 1983. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *Quern v. Jordan*, 440 U.S. 332, 339-40 (1979); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978).  As such, Counts IV and V must be dismissed as to the Government of the Virgin Islands. *See*, *e.g.*, *Monell v. Virgin Islands*, 2003-50, 2005 U.S. Dist. LEXIS 44240, at *7 (D.V.I. Nov. 14, 2005) ("Whether suits for prospective relief against Territorial officials acting in their official capacity are suits against the Territory, a suit for prospective, injunctive relief under section 1983 or any other form of relief cannot be brought against the Government of the Virgin Islands itself.") (citations omitted); *see also Durant v. Husband*, 28 F.3d 12, 14 n.1 (3d Cir. 1994) (noting that the Virgin Islands government is not subject to suits for damages under section 1983) (citations omitted).

To the extent Counts IV and V seek money damages from an official, they seek damages from the treasury of the Virgin Islands.  As such, those claims, insofar as they seek monetary

---

Islands is "not shielded by the eleventh amendment"); *Tonder v. M/V The "Burkholder"*, 630 F. Supp. 691, 693 (D.V.I. 1986) (noting that "it appears that Congress did not intend that the Eleventh Amendment apply to the Virgin Islands").

Esso v. Government of the Virgin Islands, et al.
Civil No. 2004-175
Memorandum Opinion
Page 19

compensation, must be dismissed. See, e.g., Berne Corp. v. Virgin
Islands, 262 F. Supp. 2d 540, 547 (D.V.I. 2003) (noting that the
plaintiff could not sue a territorial official in his official
capacity for money damages under section 1983), aff'd 105 Fed.
Appx. 324 (3d Cir. 2004).

    While damages claims against state officials acting in their
official capacities are impermissible under section 1983, claims
for injunctive relief against such officials acting in their
official capacities may proceed.  The Third Circuit, to date, has
declined to rule on whether that narrow exception applies to
Virgin Islands officials. See, e.g., St. Thomas - St. John Hotel
& Tourism Ass'n v. Virgin Islands, 218 F.3d 232, 242 n.5 (3d Cir.
2000) ("[W]e do not decide whether territorial officials in their
official capacities are 'persons' under [section] 1983 when sued
solely for prospective injunctive relief."); Brow v. Farrelly,
994 F.2d 1027, 1037 n.12 (3d Cir. 1993) ("[W]e cannot rule out
the possibility that [the Supreme Court] did not intend . . . to
bar section 1983 actions for prospective injunctive relief
against territorial officials in their official capacities.
However, . . . we need not address this issue here.") (citations
omitted).

    The Ninth Circuit, however, has reasoned that the exception
does extend to suits against Guam officials acting in their
official capacities. See Guam Soc'y of Obstetricians &

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 20

*Gynecologists v. Ada*, No. 90-16706, 1992 U.S. App. LEXIS 13490,
at *14 (9th Cir. June 16, 1992), *cert. denied*, 506 U.S. 1011
(1992); *see also Carlos v. Guam*, Nos. 95-17356, 96-15419, 1997
U.S. App. LEXIS 17187, at *8 (9th Cir. July 7, 1997).  This Court
similarly agrees that the exception applies to suits against
Virgin Islands officials.  A contrary holding "would totally
nullify the provision of section 1983 imposing liability upon
persons acting under color of law of 'any State *or Territory*.'"
*Guam Soc'y of Obstetricians & Gynecologists*, 1992 U.S. App. LEXIS
13490, at *14 (emphasis in original).

     Therefore, to the extent Counts IV and V seek to
prospectively enjoin the Defendants from implementing the 2004
Order, or an order similarly issued, those counts may proceed
against the Commissioner acting in his official capacity. *See*,
*e.g.*, *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002)
(reasoning that a person seeking purely prospective relief
against state officials for ongoing violations of federal law may
sue such officials); *Nester v. Allen*, Civ. No. 07-1651, 2007 U.S.
Dist. LEXIS 54826, at *10 (E.D. Pa. July 27, 2007) ("[T]o the
extent that plaintiff seeks prospective or injunctive relief from
defendants in their official capacities, these claims may go
forward.") (citation omitted).[8]

_____

     [8]  Count I of the complaint seeks a declaratory judgment.
Count III of the complaint asserts an "arbitrary agency action"
claim.  Count VI seeks injunctive relief.  The Defendants do not

*Esso v. Government of the Virgin Islands, et al.*
Civil No. 2004-175
Memorandum Opinion
Page 21

### IV. <u>CONCLUSION</u>

For the reasons discussed above, the Defendants' motion to dismiss will be denied in part and granted in part.  An appropriate order follows.

S\_____

**CURTIS V. GÓMEZ**
**Chief Judge**

---

specifically challenge Counts I, III and VI in their motion to dismiss beyond their general mootness argument.  The Court has already considered and rejected that argument.  Because the Defendants assert no other ground for the dismissal of Counts I, III and VI, the motion will be denied with respect to those counts.