**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS & ST. JOHN
```

|  |  |
|---|---|
| ESSO VIRGIN ISLANDS, INC., ) ) Plaintiff, ) ) v. ) ) GOVERNMENT OF THE UNITED ) STATES VIRGIN ISLANDS BY AND ) THROUGH THE VIRGIN ISLANDS ) DEPARTMENT OF LICENSING AND ) CONSUMER AFFAIRS AND ANDREW ) RUTNICK, IN HIS OFFICIAL ) CAPACITY AS COMMISSIONER OF ) THE VIRGIN ISLANDS DEPARTMENT ) OF LICENSING AND CONSUMER ) AFFAIRS, ) ) Defendants. ) _____) | Civil No. 2004-175 |

**ATTORNEYS:**

**Adriane J. Dudley, Esq.**
**G. Alan Teague, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff.*

**David J. Lender, Esq.**
**Salvatore A. Romanello, Esq.**
New York, NY
   *For the plaintiff.*

**Carol Thomas-Jacobs, Esq.**
St. Thomas, U.S.V.I.
   *For the defendants.*

                                **ORDER**

**GÓMEZ, C.J.**

   In June, 2004, the Virgin Islands Department of Licensing and Consumer Affairs (the "DLCA") completed a study of the Virgin

*Esso v. Gov't of the V.I., et al.*
Civil No. 2004-175
Order
Page 2

Islands fuel market. Based on that study, on December 15, 2004, the DLCA issued an order (the "2004 Order") that limited the gross profit margin of Virgin Islands gasoline and diesel fuel wholesalers to no more than thirty cents per gallon on the sale of their fuel products.

Thereafter, the plaintiff, Esso Virgin Islands, Inc. ("Esso"), a gasoline and diesel fuel wholesaler in the Virgin Islands, commenced this six-count action against the defendants, the Government of the United States Virgin Islands by and through the Virgin Islands Department of Licensing and Consumer Affairs (the "Government") and Andrew Rutnick, in his official capacity as Commissioner of the Virgin Islands Department of Licensing and Consumer Affairs (the "Commissioner") (collectively referred to as the "Defendants"). Esso essentially seeks (1) to enjoin enforcement of the 2004 Order, and (2) compensation for damages occasioned by the 2004 Order.

In March, 2005, the Defendants filed a motion to dismiss Esso's complaint, primarily on mootness and sovereign immunity grounds. This matter was scheduled for trial on June 1, 2005. In May, 2005, the Court continued the trial date and took the motion to dismiss under advisement pending the parties' repeated mediation efforts. Those efforts were unsuccessful.

On June 30, 2008, the Court ruled on the motion to dismiss. The Court decided to determine what, if any, claims were

*Esso v. Gov't of the V.I., et al.*
Civil No. 2004-175
Order
Page 3

asserted.  The Court found that Esso's claims for prospective injunctive relief against the Commissioner could proceed, but dismissed the monetary damages claims against the Commissioner.  The Court also dismissed the monetary damages claims against the Government.  The Court did not squarely address the sovereign immunity issue.  Rather, in a footnote, the Court pointed to a weakness in the Defendants' argument and noted "neither the Third Circuit nor this Court has yet recognized that the Virgin Islands is protected by the Eleventh Amendment." *Esso, Inc. v. Gov't of the Virgin Islands*, Civ. No. 2004-175, 2008 U.S. Dist. LEXIS 49943, at *20 n.7 (D.V.I. June 30, 2008).  In essence, the Court left to another day and another decision whether sovereign immunity barred the asserted claims.

    This matter was thereafter scheduled for trial on August 11, 2008, and the parties engaged in discovery.  During the discovery period, the Defendants filed a notice of appeal of the Court's June 30, 2008, order.  After the notice of appeal was filed, the procedural developments took a curious turn.  Esso filed a motion to dismiss, indicating that it no longer wished to pursue this matter.  Thereafter, the Defendants filed a motion, asking the Court to vacate its June 30, 2008, ruling.

    Given the number and significance of filings in this Court after the Defendants filed their notice of appeal, the Court conducted status conferences with the parties on August 7 and 8,

*Esso v. Gov't of the V.I., et al.*
Civil No. 2004-175
Order
Page 4

2008.[1]  At those status conferences, Esso reiterated its request to voluntarily dismiss this matter.  The Defendants repeated their request for a vacatur of the June 30, 2008, ruling.  The Defendants argued that, notwithstanding their notice of appeal, this Court still has jurisdiction and that vacatur is appropriate and supported by *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882 (9th Cir. 2001).  Esso did not oppose the Defendants' request.

The premises considered, it is hereby

**ORDERED** that the Defendants' motion to vacate is **GRANTED**; it is further

**ORDERED** that this Court's Memorandum Opinion and Order, entered on June 30, 2008, at docket entries 95 and 96, are **VACATED**.

S\_____
　　**CURTIS V. GÓMEZ**
　　**Chief Judge**

---

[1]  The August 7 status conference was not on the record.  On August 8, the parties essentially placed their August 7 representations on the record.